```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
                 CENTRAL DIVISION at LEXINGTON

RICHARD REYNOLDS and            )
ANGLIA REYNOLDS,                )
                                )
     Plaintiffs,                )    Civil Action No. 06-322-JMH
                                )
                                )
v.                              )
                                )
                                )    MEMORANDUM OPINION AND ORDER
SAFECO INSURANCE COMPANY OF,    )
AMERICA,                        )
                                )
     Defendant.                 )
```

                    **    **    **    **    **

Before the Court is Defendant Safeco Insurance Company of America's ["Safeco"] motion to bifurcate and stay discovery on Plaintiff's bad faith claims [Record No. 12]. Plaintiffs responded [Record No. 15], however, no reply was filed. The matter is now ripe for review.

**I. BACKGROUND**

The plaintiffs' complaint[1] alleges that following the theft of personal property from their home on September 10, 2005, and a fire loss to their home on September 17, 2005, Safeco refused, in bad faith, to pay the benefits to which Plaintiffs are entitled under their homeowner's insurance policy with Safeco. Plaintiffs assert a breach of contract claim and bad faith claims under the Unfair

---

[1] Plaintiffs' complaint was originally filed in Jessamine County Circuit Court, however, Defendant removed the action to this Court based on diversity jurisdiction.

Claims Settlement Practices Act, the Consumer Protection Act and common law for Safeco's alleged bad faith interpretation of the insurance contract. Safeco has moved to bifurcate the bad faith claims from the underlying contract claim and stay all discovery on the bad faith claims until the contract claim is resolved.

## II.  ANALYSIS

### A. Safeco's Motion to Bifurcate the Contract and Bad Faith Claims

Safeco points to Federal Rule of Civil Procedure 42(b) as grounds for its motion to bifurcate. FRCP 42(b) permits separation of claims for several reasons, including convenience and judicial economy. Safeco argues that bifurcation promotes such interests because Plaintiffs must prevail on the underlying contract claim before they can prevail in the bad faith claims arising out of the same transaction. *See Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993) (requiring Plaintiff asserting a bad faith claim against insurer to prove:  1) that the insurer had a obligation to pay; 2) that the insurer lacked a reasonable basis for denying benefits; and 3) that the insurer knew it lacked a reasonable basis or acted with reckless disregard in denying benefits). Plaintiffs propose a jury trial in which jurors hear evidence on both the contract and bad faith claims, but only reach the bad faith claims if Safeco is found liable under the insurance contract. This does not further the interests of convenience or judicial economy.

Whether to try issues or claims in a single case separately is

a matter of discretion for the Court.  *Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.,* 76 F.3d 743, 747 (6th Cir. 1996).  After careful consideration, the Court finds that bifurcation of the contract and bad faith claims furthers both the interests of convenience and judicial economy, as contemplated by FRCP 42(b), and does not prejudice the plaintiffs.

**B.  Safeco's Motion to Stay Discovery on the Bad Faith Claims**

Safeco also moves the Court to stay discovery on the bad faith claim until liability on the underlying homeowner's insurance contract is established.  Safeco maintains that if discovery on the bad faith claims is permitted prior to the resolution of the underlying contract liability action, litigation could be much more costly and time consuming than necessary, a statement with which this Court agrees.  In fact, discovery on the bad faith claims may be completely unnecessary if liability on the contract is not first established.  *See Wittmer*, 864 S.W.2d at 890.  In *Smith v. Allstate Ins. Co.,* 403 F.3d 401, 407 (6th Cir. 2005), the court approved of the practice of staying discovery on a bad faith claim during the pendency of the underlying contract claim.

The decision whether to stay discovery until preliminary issues are decided is discretionary.  *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304-05 (6th Cir. 2003).  In fact, "'[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that

may dispose of the case are determined.'" *Id.* at 304 (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).  Because the merits of the bad faith claims necessarily depend on the success of the underlying contract claim, discovery on the plaintiffs' bad faith claims should be stayed pending the outcome of the contract claim.

### III.  CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

(1) That Safeco's motion to bifurcate the plaintiffs' contract claim from the bad faith claims [Record No. 12] be, and the same hereby is, **GRANTED.**

(2) That discovery on the bad faith claims against Safeco be, and the same hereby is, **STAYED PENDING RESOLUTION OF THE CONTRACT LIABILITY CLAIM AGAINST SAFECO.**

This the 5th day of January, 2007.



Signed By:
*Joseph M. Hood*
United States District Judge